*LEROY E. CLARK V. COMMISSIONERS OF LUCAS COUNTY.

1. USE OF THE WORDS "CAUSE, SUIT, ACTION AND CASE."

The words, "cause, suit, action and case," when used to describe a proceeding whereby litigation is carried on, are used as synonymous terms.

2. CONSTRUCTION OF SECTION 1263, REVISED STATUTES.

Every suit or action, without regard to the number of parties plaintiff or defendant, is a single cause within the meaning of section 1263, Revised Statutes

3. FEES OF COUNTY CLERK FOR INDEXING PENDING SUITS AND JUDGMENTS.

No compensation is provided or authorized to be paid by the county for making and continuing indexes to pending suits and judgments, and therefore the clerk making such index is not entitled to recover compensation for such services.

PARKER, J.

This is an action brought by the clerk of the court of common pleas against the Commissioners to recover fees which he claims should have been allowed him—or compensation, rather—for services appearing on bills which he rendered to said commissioners and which they refused to allow. Plaintiff took an appeal from this action of the Commissioners to the court of common pleas and that court also disallowed the claim and he is now prosecuting error here from the judgment of the common pleas.

Part of plaintiff's claim is for services in making up and completing a general index of parties plaintiff and defendant. For this service two bills were rendered which aggregate $296.48. Another bill, for other services, I will speak of further along. He presents these bills and claims compensation under section 1263, Revised Statutes, a part of which I will read:

"The clerk shall receive from the treasurer, in the same manner as the fees specified in the last two precedings sections, the following fees :"

It then proceeds to set forth the services to be performed by him for which he shall receive compensation, and among these the following: "Making up and completing general indexes, direct and reverse of all judgments, final orders and decrees, eight cents for each cause."

In making up his indexes, he enters the name of each defendant upon a reverse index, as many times as there are plaintiffs in the suit. For instance: In a suit of *Smith & Jones* v. *Brown and White*, he would enter up: "*Smith* v. *Brown*; *Jones* v. *Brown*; *Smith* v. *White*; *Jones* v. *White*," making four entries, for which he made a charge of 32 cents, or eight cents for each entry, his contention being that within the purview of this section there was a cause as of each of the persons between whom there was a controversy in a pending suit.

We have looked into the statutes and the law dictionaries, and we cannot discover there, nor have we any knowledge of any place in the books, where the words "cause, suit, action and case" used to describe a proceeding whereby litigation is carried on, are used otherwise than as synonymous terms. We find no instance in which either term when used to designate a proceeding in which there are many parties, is used

*This decision, which affirms the decision of the common pleas, 6 S. & C. P., (17), 145, was affirmed by the Supreme Court in 58 O. S., 107.

in the plural or in such a way as to describe a fraction of the proceeding. We find no authority for holding that the legislature used the word "cause" in any new or peculiar sense in this section. We hold therefore that every suit or action, without regard to the number of parties plaintiff or defendant, is a single cause within the meaning of this statute. The court of common pleas, proceeding upon this construction of the law, allowed an amount—$54—and a cross-petition is filed here on behalf of the Commissioners to set aside the judgment for that amount. The statute seems to provide very plainly that the clerk shall receive compensation for making this index, to be paid out of the county treasury. Reference is made, and a strong argument based upon the proposition that the changes in the law—the history of the statute—indicate that it was the purpose of the legislature only to allow this compensation to clerks from bringing up indexes which were incomplete, and that it was not an additional compensation to that which he is allowed to charge against the parties for the keeping up of the index.

We have given careful consideration to the claims of the parties and to the history of this legislation. It is not worth while to go into it, to review it; that is done very fully by the judge of the court of common pleas, in deciding this case, where it is reported in 6 Dec. 145, but it is sufficient to say that we arrive at the same conclusion that was reached by the learned judge below and that was reached by the circuit court of the first circuit, in the case of *Commissioners of Butler Co.* v. *A. J. Welliver*, clerk, 5 Circ. Dec., 569. I read a paragraph from page 570:

"We are of the opinion that item 26, for general index of 147 cases" (which is an item of the same character as the items contained in this part of the clerk's bill in this case) "of judgments in common pleas, is payable from the treasury under the provisions of section 1263, which allows the clerk for making up and compiling general indices direct and reverse of all judgments, eight cents for each cause; that the law does not limit this payment to cases under section 5339, which provides for the making of such index where it had not before been done. And though the clerk does receive pay for this service also from litigants, it may well be that the legislature intended the county also to assist in keeping it up after it is once made up. It is not entirely clear that this is so, but we are disposed to so hold in this case."

And this court is disposed to adopt that language as read, including the last paragraph—that it is not entirely clear that it is so—but we are disposed to hold that in this case; and this court is disposed to hold so not only from examination of the statute but from the fact that this holding has been made by the circuit court of the first circuit, and as long as it is not clear to us that the circuit court of another circuit is wrong in its conclusion, we shall follow it.

The plaintiff also filed his bills (which have been considered and brought up in the same way) for indexing pending suits and judgments, amounting to $441.44. It appears that that was charged in the same way—for indexing eight cents for each party. If I understand it correctly, he charged eight cents for each party plaintiff and each party defendant, so that his bill is somewhat larger in a given case for making this index than it is for making the general index for the clerk. He also charged for keeping up the same record whenever judgments were rendered and entered in certain columns on that book, eight cents for making each entry; and whenever an execution was issued he

charged eight cents for each party against whom the execution was issued. These charges were in addition to the charges made against the parties litigant.

For these charges and for this bill he thinks he should have compensation from the county. The view that we take of this bill makes it unnecessary to consider whether this method of charging is authorized—I mean this method of making the computation. No question as to the method of taxing fees against parties litigant, is involved here.

We hold that no compensation is provided, or authorized to be paid by the county for these services; and in this also we refer to the decision of the circuit court of the first circuit before referred to. I read from the paragraph following that I read before:

"But we see no warrant for items 27, 28 and 29, as against the county."

We are favored with a transcript of a part of the record in the case of *Welliver* v. *Commissioners of Butler Co.* From the printed report of this case, we could not determine *what* items were referred to as "items 27, 28 and 29," nor what the charges were that were contained in those items, but from this transcript which has been furnished to us, and which contains a copy of the bill of the clerk under consideration in that case, we find that these items 27, 28 and 29, are for the indexing of pending suits. Item 27, pending suits in circuit court, $136; item 28, indexing pending suits in 148 cases, $11.84; item 29, noting judgments, (referring to section 1259, R. S.,) 116 cases, $9.28." Referring to the section providing for this work, and the section relied upon by the clerk in this case as containing authority to make this allowance to him and to give him this compensation from the county treasury. We find in this section no express authority to thus compensate the clerk for such services. And, applying a principle which is very well stated in this case of *The Commissioners of Butler Co.* v. *Welliver*—and as supported by a number of the decisions of the supreme court of Ohio—we disallow this claim. The syllabus in that case is as follows:

"Except as specifically provided for by statute, the clerk of court is not entitled to receive any compensation from the county treasury for any services rendered for the benefit of the county or the public however valuable and necessary such services may be, and although the law absolutely requires him to perform the same. If so required for the public, and no provision is made for its payment from the treasury, it must be regarded as gratuitous."

That is, it must be regarded as gratuitous as far as the public is concerned; but additional emphasis is given to this in this case for the reason that compensation is provided, to be taxed as costs and collected from the parties litigant. What is contended for here by the plaintiff is additional compensation, to be paid by the county. We find therefore that the court of common pleas did not err in its judgment either in disallowing what was disallowed of the claim of the plaintiff or in allowing what was allowed to him. The judgment will be affirmed.

*Clayton W. Everett*, Attorney for Plaintiff.

*O. W. Nelson*, and *J. A. Barber*, Attorneys for Defendants.